UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EDMOND DOWLING and
AINE DOWLING

Plaintiffs

-against-

EXPERIAN INFORMATION SOLUTIONS, INC

Defendant.
----------------------------------------------------------------X

Case No.: 1:18CV04820

**COMPLAINT**

**JURY TRIAL DEMANDED**

The Plaintiffs' Edmond Dowling and Aine Dowling, by their Attorneys, Agulnick & Gogel, LLC, as and for their complaint against the Defendant, state as follows:

## INTRODUCTION

**FIRST:** Data driven computerization has resulted in a substantial increase in the accumulation and processing of data concerning individuals. Data technology allows information about individual consumers to become immediately available to businesses. This information has become subject to abuse and mishandling and can cause individual consumers to sustain economic and emotional damage when inaccurate information is provided about them.

**SECOND:** The Fair Credit Reporting Act, 15 USC §1681 et seq (herein sometimes referred to as "FCRA") was enacted specifically to require consumer reporting agencies to implement reasonable processes to assure maximum possible accuracy of the financial information they compile and provide, to prevent misuse of sensitive consumer information and to improve the accuracy and integrity of consumer reports.

**THIRD:** The Fair Credit Reporting Act requires consumer reporting agencies to conduct reasonable investigations into bona fide disputes alleged by consumers who claim that inaccurate

information is contained in their credit reports and to make appropriate corrections to any such inaccurate information.

**FOURTH:** This action seeks an Order requiring appropriate corrections to the Plaintiffs' credit reports, compensatory and statutory damages, costs and reasonable attorneys fees against Defendant, Experian Information Solutions, Inc., due to its violation of the Fair Credit Reporting Act as alleged herein.

## THE PARTIES

**FIFTH:** The Plaintiffs', Edmond Dowling and Aine Dowling, individuals, maintain their principal place of business at 163 Exterior Street, County of Bronx in the State of New York; each Plaintiff is a "consumer" as that term is defined under the Fair Credit Reporting Act, 15 U.S.C 1681 (a).

**SIXTH:** The Defendant, Experian Information Solutions, Inc., ("Experian") is a Foreign Business Corporation incorporated under the laws of the State of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California, 92626 and is doing business in the State of New York.

**SEVENTH:** Defendant Experian is a "consumer reporting agency" as defined in the section 1681 (a) of the Fair Credit Reporting Act.

## JURISDICTION AND VENUE

**EIGHTH:** This Court has subject matter jurisdiction over this matter pursuant to 15 USC § 1681P. Venue in this judicial district is proper because Plaintiffs maintain their principal

place of business in this judicial district and many of the facts relevant to this complaint occurred in this judicial district.

## FACTUAL ALLEGATIONS

**NINTH:** The Plaintiffs recently applied to refinance their mortgage for the premises at 15 Pheasant Run, Boonton New Jersey. Said premises is jointly owned by Plaintiff's Aine Dowling and Edmond Dowling.

**TENTH:** The Plaintiffs' application for a mortgage at Wells Fargo bank was denied primarily because their Experian credit report reported a foreclosure action by Nationstar Mortgage LLC alleging an outstanding delinquency balance and because Experian states that Fair Collections & Outsourcing, a collection agency, reported an open balance of $2,337.00 pertaining to an inaccurate claim from Edmond Dowling's prior Landlord, "The Pier" at 279 York Street, Apartment #2, Jersey City, New Jersey.

**ELEVENTH:** The Plaintiffs were embarrassed and humiliated from that denial which was based upon a mistake. Their settlement with Nationstar Mortgage LLC resulted in Nationstar's "waiver" of any a deficiency against Edmond Dowling and Aine Dowling, based upon their consent to the sale of the property in question. See Final Judgment – Exhibit "1".

**TWELFTH:** The Plaintiffs experienced much stress, discomfort and anxiety as a result of the denial of their refinancing which was based on a upon the false and inaccurate reporting of Defendant Experian.

**THIRTEENTH:** The Plaintiffs' mortgage lender's representative informed them to seek a correction of the Defendant Experian's report as to Nationstar Mortgage LLC and Fair Collection and Outsourcing and then re-apply for the requested mortgage financing.

**<u>FOURTEENTH:</u>** On March 15, 2018 and again on April 9, 2018, Plaintiffs' Attorneys wrote to Defendant Experian alleging that Plaintiffs' recent credit report contained several errors which they seek to have corrected, including the Nationstar Mortgage. A copy of the aforementioned Nationstar judgment Agreement was provided with these letters.

**<u>FIFTEENTH:</u>** The Defendant Experian, having received said correspondence with documentation, has failed and neglected to correct Plaintiff's credit reports which still set forth that there is a delinquency with respect to Nationstar Mortgage.

**<u>SIXTEENTH:</u>** A written request for documentary proof of "The Pier's" claim of the unpaid amount in the sum of $2,337.00 was never responded to by Fair Collection & Outsourcing and should be removed as a negative reported item from Edmond Dowling's Experian credit report because it is an unsubstantiated claim.

**<u>SEVENTEETH:</u>** Plaintiffs' continue to remain unable to obtain mortgage refinancing because of the aforementioned inaccurate data being reported by Defendant, Experian which includes continuing to report the Nationstar Mortgage as a negative until August 2020.

**EIGHTEENTH:** The Plaintiffs' have been harmed and prejudiced by the failure and refusal of Defendant Experian failure to provide the maximum possible accuracy of Plaintiffs credit reports.

**AND AS FOR A FIRST**
**CAUSE OF ACTION**
<u>VIOLATIONS OF THE FAIR CREDIT REPORTING ACT</u>
<u>15 U.S.C §1681e(b), 15 U.S.C. §1681i(a)(1) and 15 U.S.C. §1681s -2(b)(1)</u>

**NINETEENTH:** Plaintiffs' repeat, reallege and reiterate each and every allegation contained in Paragraphs designated as "FIRST" through SEVENTEENTH of their Complaint as though fully set forth at length herein.

**TWENTIETH:** A "consumer reporting agency" is defined by the FCRA as follow:

[A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. 15 U.S.C. §1681a (f).

**TWENTY-FIRST:** Experian is a "consumer reporting agency" as defined by the FCRA.

**TWENTY-SECOND:** Section 1681n of the FCRA imposes civil liability on any credit reporting agency or furnisher "who willfully fails to comply with any requirement" of the Act.

**TWENTY-THIRD:** Section 1681o of the FCRA provides for civil liability against any Credit reporting agency or furnisher which is negligent in failing to comply with any requirement imposed under the Act.

**TWENTY-FOURTH:** The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible at accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b).

**TWENTY-FIFTH:** Despite corrective information concerning Plaintiffs' Nationstar Mortgage account being provided, Experian continued to issue incorrect credit reports which misrepresented Plaintiffs and their credit worthiness.

**TWENTY-SIXTH:** Experian willfully or negligently failed to follow reasonable procedures to assure that maximum possible accuracy of the consumer reports it prepared and

published with respect to the Plaintiffs in violation of FCRA section 1681e(b)

**TWENTY-SEVENTH:** Plaintiffs remain unable to obtain mortgage refinancing because of the inaccurate credit file maintained by Experian.

**TWENTY-EIGHTH:** Plaintiffs have suffered out-of-pocket loss as a result of Experian's willful and/or negligent violations of the FCRA.

**TWENTY-NINTH:** As a direct and proximate result of Experian's willful and/or negligent refusal to follow reasonable procedures to assure "maximum possible accuracy" as specifically mandated by the FCRA, Plaintiffs have suffered loss and damage including, but not limited to, economic loss due to denial of mortgage refinancing, loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, humiliation and embarrassment, entitling them to an award of actual damages in the amount to be approved at trial, plus attorney's fees together with the costs of this action pursuant to 15 U.S.C. §1681o.

**THIRTIETH:** Experian's pattern of refusal to follow reasonable procedures as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiffs. The injuries suffered by Plaintiffs are attended by circumstances of fraud, malice, and willful and wanton misconduct, entitling Plaintiff's to statutory damages, punitive damages, attorneys fees and costs pursuant to 15 U.S.C. 1681n(a)(2).

**THIRTY-FIRST:** The FCRA mandates that a credit reporting agency conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. See 15 U.S.C. §1681i(a)(1).

**THIRTY-SECOND:** The FCRA provides that if a credit reporting agency conducts an investigation of disputed information and confirms that the information is, in fact inaccurate, or is unable to verify the accuracy of the disputed information, the credit reporting agency is required to delete that item of information from the consumer's file. U.S.C. §1681i(a)(5)(A).

**THIRTY-THIRD:** Plaintiffs' specifically advised Experian on several occasions that a mistake had been made, provided all necessary information to Experian to support same, and requested their reports be corrected accordingly, *i.e.*. any references to a Nationstar Mortgage deficiency and Fair Collecting Outsourcing deficiency be deleted.

**THIRTY-FOURTH:** By failing to conduct a reasonable investigation into Plaintiffs' disputes in this regard, Experian willfully and/or negligently violated 15 U.S.C. §1681i(a)(1) with respect to the dispute lodged by Plaintiffs'.

**THIRTY-FIFTH:** As a direct and proximate result of Experian's willful and/or negligent refusal to conduct reasonable investigations as mandated by the FCRA as outlined above, Plaintiffs have suffered loss and damage including, but not limited to: economic loss due to denial of mortgage refinancing, loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling them to an award of actual damages in the amount to be approved at trial, plus attorney's fees together with the costs of this action pursuant to 15 U.S.C. §1681o.

**WHEREFORE**, Plaintiffs' Edmond Dowling and Aine Dowling, respectfully prays for the following relief:

A. For an Order directing the Defendant to correct their credit report to accurately disclose that Plaintiffs' do not have a Nationstar Mortgage deficiency;

B. Actual damages in an amount to be proved at trial;

C. Statutory damages as provided for by 15 U.S.C. §1681n (2);

D. Costs and attorney's fees as provided for by 15 U.S.C. §1681n (3) and 15 U.S.C §1681o (2);

E. Such other and further relief as this Court deems just and proper.

Dated: Great Neck, New York
May 30, 2018

Yours, etc

AGULNICK & GOGEL, LLC
*Attorneys for Plaintiffs*
8 Bond Street – Suite 303
Great Neck, New York 11021
(516) 466-6300

By ______________________
William A. Gogel (WG-3271)

# EXHIBIT 1

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL ACTION

NATIONSTAR MORTGAGE LLC,

Plaintiff,

vs.

CASE NO. 2013CA018026
DIVISION AW

SPACE FOR RECORDING ONLY F.S.§695.26

EDMOND DOWLING; AINE DOWLING; THE RESORT AT SINGER ISLAND, HOTEL CONDOMINIUM ASSOCIATION, INC.; RESORT AT SINGER ISLAND PROPERTIES, INC. F/K/A LIVINGSTON ROAD, INC. A DISSOLVED CORPORATION; UH-SI

Defendant(s).
_______________________________/

FINAL JUDGMENT

IT IS ADJUDGED THAT:

1. Plaintiff NATIONSTAR MORTGAGE LLC has prevailed with a preponderance of the evidence in its favor and judgment is granted.

| | |
|---|---|
| UNPAID PRINCIPAL BALANCE | $551,250.00 |
| INTEREST ON THE NOTE AND MORTGAGE FROM 7/1/2013 TO 10/03/2014 | 62,287.55 |
| PER DIEM INTEREST AT 9% FROM 10/04/2014 TO 11/17/2014 | 6,116.40 |
| TAXES | 1,230.84 |

| | |
|---|---|
| ATTORNEYS' FEES TOTAL | $1,725.00 |
| FILING FEE | 1,991.60 |
| INVESTIGATION/SERVICE OF PROCESS | 850.40 |
| CONTESTED HOURLY FEE | 524.00 |
| COC E FILING STATUTORY COST | 59.75 |
| EFILING COSTS | 9.00 |
| PROPERTY INSPECTIONS | 165.00 |
| TOTAL | $626,209.54 |

That shall bear interest at the rate established by Florida Statute.

2. Plaintiff holds a lien for the total sum-superior to all claims, or estates of Defendant(s) on the following-described property in PALM BEACH County, Florida:

UNIT 1110, THE RESORT AT SINGER ISLAND, HOTEL CONDOMINIUM, A CONDOMINIUM ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF AS RECORDED IN OFFICIAL RECORDS BOOK 21510, PAGE 1141 AND ANY SUBSEQUENT AMENDMENTS THERETO, PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA.

TOGETHER WITH AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS APPURTENANT THERETO AS SET FORTH IN SAID DECLARATION.

A/K/A 3800 N OCEAN DRIVE UNIT 1110 SINGER ISLAND, FL 33404

3. If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this Judgment are not paid, the Clerk of this Court shall sell the property at a public sale on January 16, 2015, at 10:00AM EST, to the highest bidder for cash, in accordance with section 45.031, Florida Statutes, on the prescribed date at:

WWW.MYPALMBEACHCLERK.CLERKAUCTION.COM

4. Plaintiff shall advance all subsequent costs of this and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If Plaintiff is the purchaser the Clerk shall credit the Plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it as is necessary to pay the bid in full. The foreclosure sale can only be canceled by Court order.

5. On filing the Certificate of Title the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the Certificate; third, Plaintiff's attorney's fees; fourth, the total sum due to Plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any amount remaining pending the further Order of this Court.

6. On filing the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property.

7. Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a supplemental complaint to add an omitted party or remedy other defects post-judgment, an order determining the amount of assessments owed to any condominium or homeowners association~~, and the entry of a deficiency judgment, if Plaintiff is not limited to *in rem* stay relief in an active bankruptcy case and/or if borrower(s) has not been discharged in bankruptcy or constructively served, together with additional attorney's fees, if appropriate.~~

PLAINTIFF AGREES TO WAIVE ITS RIGHT TO PURSUE A DEFICIENCY AGAINST EDMOND DOWLING + AINE DOWLING IN EXCHANGE FOR THEIR CONSENT TO JUDGMENT. PLAINTIFF AGREES TO A 60 DAY SALE DATE + TO CONDUCT A CONCILIATION CONFERENCE WITHIN 14 DAYS FROM THE ENTRY OF JUDGMENT.

12-14

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**If you are the property owner, you may claim these funds yourself. You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any money to which you are entitled. Please check with the Clerk of the Court, PALM BEACH County, 205 N. Dixie Highway, Room 3.23, West Palm Beach, FL 33401, Phone: 561-355-4819, within ten (10) days after the sale to see if there is additional money from the foreclosure sale that the Clerk has in the registry of the Court. If you decide to sell your home or hire someone to help you claim the additional money, you should read very carefully all papers you are required to sign, ask someone else, preferably an attorney who is not related to the person offering to help you, to make sure that you understand what you are signing and that you are not transferring your property or the equity in your property without the proper information. If you cannot afford to pay an attorney, you may contact Florida Rural Legal Services - Belle Grande (561)993-0003, Florida Rural Legal Services - Palm Beach Office (561)820-8902, Legal Aid Society of Palm Beach County, Inc. - (561)655-8944, Legal Aid Society of Palm Beach County, Inc. - Belle Glade Office (561)993-3836, to see if you qualify financially for their services. If they cannot assist you, they may be able to refer you to a local bar referral agency or suggest other options.**

If you choose to contact Florida Rural Legal Services - Belle Grande (561)993-0003, Florida Rural Legal Services - Palm Beach Office (561)820-8902, Legal Aid Society of Palm Beach County, Inc. - (561)655-8944, Legal Aid Society of Palm Beach County, Inc. - Belle Glade Office (561)993-3836, for assistance, you should do so as soon as possible after receipt of this notice.

DONE AND ORDERED in West Palm Beach, PALM BEACH County, Florida, this 17 day of November, 2014.

Circuit Judge
2013CA018026

Copies furnished to: Matthew Marks, Esquire
Ronald R Wolfe & Associates, P.L.
P.O. Box 25018
Tampa, FL 33622-5018

F13015700

| | |
|---|---|
| 0·00 | * |
| 551,250·00 | + |
| 62,287·55 | + |
| 6,116·40 | + |
| 1,230·84 | + |
| 1,725·00 | + |
| 1,991·60 | + |
| 850·40 | + |
| 524·00 | + |
| 59·75 | + |
| 9·00 | + |
| 165·00 | + |
| 626,209·54 | * |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 1:18CV04820

EDMOND DOWLING and
AINE DOWLING

Plaintiffs,

-against-

EXPERIAN INFORMATION SERVICES, LLC

Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

AGULNICK & GOGEL, LLC
*Attorneys for Plaintiffs*
8 Bond Street - Suite 303
Great Neck, NY 11021
(516) 466-6300
Fax (516) 466-6344

Attorney signature pursuant to Sec.130-1.1-a of the Rules of the Chief Administrator (22 NYCRR)

____________________________
WILLIAM A. GOGEL

Service of a copy of the within is hereby admitted.

TO:

Dated: ______________________________

Attorney(s) for